# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

IVAN SMITH,

      Petitioner,

v.

UNITED STATES OF AMERICA,

      Respondent.

CASE NO. 2:06-cv-965
CRIM. NO. 2:03-CR-048
JUDGE FROST
MAGISTRATE JUDGE ABEL

## OPINION AND ORDER

On March 1, 2010, the Magistrate Judge issued a *Report and Recommendation* recommending that the instant motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. §2255 be dismissed and denying petitioner's request for an evidentiary hearing. Petitioner has filed objections to the Magistrate Judge's *Report and Recommendation*. For the reasons that follow, petitioner's objections are **OVERRULED**. The *Report and Recommendation* is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED.**

Petitioner does not object to the Magistrate Judge's recommendation of dismissal of his claim involving an alleged violation of his right to a speedy trial, and withdraws this claim from his §2255 petition. *Objections*, at 2. As to the remainder of his claim, petitioner objects to all of the Magistrate Judge's conclusions and recommendations, and again raises all of the same arguments he previously presented.

Pursuant to 28 U.S.C. §636(b), this Court has conducted a *de novo* review. After careful consideration of the entire record, and for the reasons already detailed in the Magistrate Judge's *Report and Recommendation,* this Court is not persuaded either that an

evidentiary hearing is warranted on any of petitioner's claims, or that federal habeas corpus relief is warranted. Briefly, petitioner's claim that he was denied the ineffective assistance of counsel because his attorney did not move to sever Count 2 from Counts 3 and 4 is without merit because, as found by the Magistrate Judge, he failed to demonstrate prejudice. The fact that Smith wanted to testify about Count 2 but not Counts 3 and 4 is not a ground for a severance. The Sixth Circuit's decision supports that finding:

> Moreover, even if Smith had raised his objection in a timely manner, his claim would have been without merit. Rule 14(a) requires that the counts in an indictment be severed only when the defendant demonstrates that he will be prejudiced by the joinder of the charges. *See Rox*, 692 F.2d at 454 ("A defendant is prejudiced if the jury would be unable to keep the evidence from each offense separate and unable to render a fair and impartial verdict on each offense."). The defendant bears the burden of demonstrating prejudice, a burden that Smith has not satisfied. *See United States v. Bowker*, 372 F.3d 365, 385 (6th Cir. 2004) (holding that "non-specific assertions of prejudice are insufficient to warrant severance under Rule 14") (vacated on other grounds). We therefore conclude that the district court did not err in failing to sever the counts resulting from the gym-bag incident and the carjacking incident.

*United States v. Smith, supra*, 138 Fed.Appx. at 780-781.

Next petitioner argues that he was denied the effective assistance of counsel during the suppression hearing. These claims are discussed in detail in the March 1, 2010 Report and Recommendation at pp. 22-29. Having reviewed the record *de novo*, the Court agrees with the conclusions reached in the Report and Recommendation. Simply put, petitioner has failed to demonstrate that his attorney's performance fell below the standard

established in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). He has neither demonstrated that (1) counsel rendered constitutionally deficient performance or that (2) there is a reasonable probability that but for counsel's deficient performance, the result would have been different or that he would have pleaded guilty. Similarly, for the reasons set out at pp. 41-51 of the Report and Recommendation, petitioner has failed to demonstrate that he was denied the effective assistance of counsel at trial.

Therefore, petitioner's objections are **OVERRULED**. The *Report and Recommendation* is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED.**

**IT IS SO ORDERED**.

    /s/ Gregory L. Frost
GREGORY L. FROST
United States District Judge